Barbara HAINES, Claimant–Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.

No. 98–7014.

United States Court of Appeals, Federal Circuit.

Aug. 24, 1998.

---

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kansas, argued for claimant-appellant.

Leslie Cayer Ohta, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, argued for respondent-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Nicole Sideris, Staff Attorney, U.S. Department of Veterans Affairs, Washington, DC.

Before RICH, LOURIE and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

Barbara Haines appeals from the decision of the United States Court of Veterans Appeals dismissing her appeal for lack of jurisdiction. *Haines v. Gober,* 10 Vet.App. 446 (1997). Because the Court of Veterans Appeals did not err in determining that a widow may not pursue her deceased husband's claim that the agency committed clear and unmistakable error (CUE) under 38 U.S.C.A. § 5109A (West Supp.1998), Pub.L. No. 105–111, § 1(a)(1), 111 Stat. 2271, 2271 (1997), we affirm.

## BACKGROUND

Haines's deceased husband, a veteran, challenged the termination of his total disability benefits. The regional office of the Department of Veterans Affairs denied his claim for benefits and he appealed to the Board of Veterans' Appeals, asserting that the agency committed clear and unmistakable error in its determination. The veteran subsequently died and the Board dismissed the appeal because of the veteran's death, without rendering a decision on the merits of the veteran's claim.

Haines then filed a notice of appeal to the Court of Veterans Appeals challenging the Board's dismissal of her deceased husband's appeal. The court dismissed the appeal for lack of jurisdiction, stating that "a CUE adjudication with respect to the appellant's deceased husband would not involve a case or controversy with respect to the appellant, but rather an advisory opinion not capable of providing any relief to the appellant." The court's determination was premised on its conclusion that the veteran's interest in his CUE claim terminated at the time of his death and that Haines is statutorily precluded from pursuing her deceased husband's claim as heir to his estate.

## DISCUSSION

Our jurisdiction over cases from the Court of Veterans Appeals is limited. We may only "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (1994).

In this appeal, Haines challenges the Court of Veterans Appeals' ruling that a CUE claim under section 5109A alleging clear and unmistakable error in a disability compensation determination does not survive a claimant's death. Since this issue clearly relates to the interpretation of a statute, we have jurisdiction over this appeal. Because statutory interpretation is a question of law, we review the question without formal defer-

ence to the decision of the Court of Veterans Appeals.

■ Haines provides two arguments in support of her position that her husband's claim survived his death. First, Haines relies on the language of subsection (d), which states that a CUE claim may be made "at any time." Second, she argues that claims based on remedial statutes typically survive the death of the party asserting the claim. Neither of these arguments is persuasive.

Section 5109A provides as follows:

(a) A decision of the Secretary under this chapter is subject to revision on the grounds [sic] of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised.

(b) For the purposes of authorizing benefits, a [decision] on the grounds [sic] of clear and unmistakable error has the same effect as if the decision had been made on the date of the prior decision.

(c) Review to determine whether clear and unmistakable error exists in a case may be instituted by the Secretary on the Secretary's own motion or upon request of the claimant.

(d) A request for revision of a decision of the Secretary based on clear and unmistakable error may be made at any time after that decision is made.

(e) Such a request shall be submitted to the Secretary and shall be decided in the same manner as any other claim.

■ This statute makes clear that a CUE claim is not a conventional appeal, but rather is a request for revision of a decision by the Secretary. It is thus a means for correction of a clearly and unmistakably wrong decision, compared with an appeal to the Board, which permits review of decisions that, while in error, do not meet the clear and unmistakable tests. The parameters of a clear and unmistakable error have not yet been fully fleshed out by the agency or the courts, and this case does not require us to do so. Nonetheless, it is apparent that a clear and unmistakable error is one that, while fundamental to the correctness of the adjudication of a claim, is one about which reasonable minds could not differ. *See, e.g., Russell v. Principi,* 3 Vet.App. 310 (1992) (en banc) (in-

terpreting the regulation that preceded the enactment of the statute). Such an error is plainly not the usual fare of disputes concerning entitlement to benefits.

■ The substantive disability compensation provisions concerning which the veteran had asserted a CUE claim in this case are found in chapter 11 of Title 38 of the United States Code. Chapter 11 provides for disability benefits payable to qualifying veterans and provides death benefits to qualifying survivors. *See, e.g.,* 38 U.S.C. § 1110 (1994) (providing for basic disability entitlement to veterans); *id.* § 1121 (providing basic death benefit entitlement to qualifying survivors). The statute draws a distinction between disability compensation, generally payable only to veterans, and death and pension benefits, payable to survivors. By statute, a veteran's entitlement to payment of disability compensation terminates on the last day of the month preceding the veteran's death. *See* 38 U.S.C. § 5112(b) (1994). Accordingly, survivors may not pursue disability compensation claims of a veteran, even as heirs to the veteran's estate. *See, e.g., Landicho v. Brown,* 7 Vet.App. 42, 53–54 (1994) (interpreting section 5112(b)).

Certain survivors, however, have a right to seek payment of accrued benefits owed to a veteran at the time of the veteran's death. *See* 38 U.S.C.A. § 5121 (West Supp.1998), Pub.L. No. 104–275, § 507, 110 Stat. 3343 (1996). Nonetheless, this accrued benefits provision is limited. A survivor may only seek payment of those benefits which were "due and unpaid" at the time of the veteran's death. *Id.* § 5121(a). The statute also limits payment to those benefits that were due and unpaid "for a period not to exceed two years" prior to the veteran's death. *Id.* The accrued benefits provision thus creates a narrowly limited exception to the general rule that a veteran's claim for benefits does not survive the veteran. *See Zevalkink v. Brown,* 102 F.3d 1236, 1244 (Fed.Cir.1996) ("Thus, after a veteran's death, the claim is no longer one for disability compensation but rather one for accrued benefits."), *cert. denied,* —— U.S. ——, 117 S.Ct. 2478, 138 L.Ed.2d 988 (1997). This statutory scheme provides a mechanism for survivors to recover certain benefits the

entitlement to which has already been established or can be readily established based on evidence in the file at the date of the veteran's death.

Prior to 1997, the only statutory mechanism for challenging a final disability determination of the regional office was by an appeal to the Board. However, by regulation, a claimant could request correction of an otherwise final decision on the ground that the decision was based on a "clear and unmistakable error." That regulation, 38 C.F.R. § 3.105 (1997), could not be used to correct errors in a final decision of the Board, but was limited to correction of errors by the regional office. *See Smith v. Brown,* 35 F.3d 1516 (Fed.Cir.1994) (holding that final decisions of the Board were not subject to CUE review under the regulation). In 1997, Congress enacted section 5109A, which provides for the correction of a "clear and unmistakable error" in a final decision of either the regional office or the Board. According to the Senate Report accompanying the committee bill that was ultimately enacted into law, the bill

> would accomplish two purposes. First, it would codify, in statute, the allowance currently specified by regulation: that the regional offices may reopen, revise, and reverse prior decisions based on a finding of "clear and [un]mistakable error." Second, the Committee bill would authorize claimants, as a matter of right, to appeal prior BVA decisions to BVA, without regard to the generally applicable 1–year limitation period, upon alleging that the appealed decision contains "clear and unmistakable error."

S. Rep. No. 105–157, at 4 (1997).

Haines argues that the 1997 enactment created a mechanism by which survivors can step into the shoes of the veteran and pursue the veteran's claims. We disagree. The statute plainly provides claimants with an opportunity to seek correction of only a limited category of erroneous decisions. However, there is nothing in the statute that provides for another person, even a survivor, to seek correction of a decision on a veteran's claim. Haines principally relies on the language of section 5109A(d) that "a [CUE] request ... may be made at any time," asserting that "at any time" means either be-

fore or after a veteran's death, without limitation. Haines is incorrect. Subsection (d) of the statute does provide that "a request" may be made at any time. However, subsection (c), quoted above, provides that the "review may be instituted ... upon request *of the claimant.*" Thus, by the express terms of the statute, a survivor has no standing to request review of a decision affecting the disability benefits of a veteran on the ground of CUE; the survivor is not the disability benefits claimant.

Haines also argues that a CUE claim filed by a veteran survives the veteran's death because it is remedial in nature and should thus be liberally construed. In support of her argument, Haines draws an analogy between a CUE claim and the old common law writ of error, citing Supreme Court cases dating from the last century. The gist of the cases cited by Haines is that substitution of parties is generally permissible when the survivors of the deceased party pursuing a cause of action are damaged by the error in the judgment. The government responds that any similarity to the common law writ of error is inapt because veterans' benefits are statutory and there is no statutory basis for allowing survivors to pursue a veteran's CUE claim.

We agree with the government that although the CUE statute is certainly remedial, it is nonetheless unavailable to survivors concerning a veteran's disability benefits claim. As we stated in *Smith,* 35 F.3d at 1525, a party "cannot rely upon the generous spirit that suffuses the law generally to override the clear meaning of a particular provision." The relevant statutory provision governing survivors is section 5121. It is not section 5109A, which does not mention survivors. The language of the CUE claim provision is in sharp contrast to the accrued benefits provision, which explicitly provides for payment of certain veterans benefits to certain survivors. The absence of such language from the CUE claim provision precludes adoption of Haines's proposed interpretation. *See Brown v. Gardner,* 513 U.S. 115, 120, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) ("[W]here Congress includes particular language in one section of a statute but

**1302**

omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). The CUE claim provision provides nothing more than a procedure for a claimant to seek reconsideration of a limited type of error in a prior decision. It cannot be read as providing a procedure for adjudication or payment of veterans benefits to survivors. The only statutory basis providing such a remedy is section 5121.

## CONCLUSION

The Court of Veterans Appeals properly determined that a veteran's CUE claim under section 5109A asserting clear and unmistakable error in a disability determination of the Secretary under Chapter 11 does not survive the veteran's death. Accordingly, the Court of Veterans Appeals dismissal of Haines's claim is

*AFFIRMED.*