CLEVENGER, Circuit Judge.
 

 Louis Richard asks us to reverse the Court of Veterans Appeals’ dismissal of his deceased brother’s appeal for lack of jurisdiction.
 
 Richard v. Gober,
 
 10 Vet.App. 431 (1997). Because the Court of Veterans Appeals did not err in determining that Philo-gene Richard’s claim for compensation under 38 U.S.C. § 1110 (1994) was extinguished by his death, we affirm.
 

 I
 

 In mid-1994, Philogene Richard, a World War II veteran and former prisoner of war, asked that his claim for service connection of ischemic heart disease, originally diagnosed in 1981, be reopened. The Department of Veterans Affairs denied this request in September 1994, and the Board of Veterans’ Appeals affirmed in a decision dated February 21, 1997.
 
 See In re Richard,
 
 No. 94-44 671 (Bd.Vet.App. Feb. 21, 1997). Richard filed a timely notice of appeal to the Court of Veterans Appeals (“CVA”) pursuant to 38 U.S.C. § 7252 (1994).
 

 On June 30, 1997, while his appeal to the CVA was pending, Philogene Richard died. After requesting an extension of time, Louis Richard — the deceased’s brother and the estate’s representative — sought to have himself substituted as a party to continue the appeal under CVA Rule 43(a), which allows a “personal representative” of a deceased party to be substituted in a pending appeal. Ct. Vet. App. R. 43(a) (1994). The CVA dismissed the appeal
 
 sua sponte
 
 on September 22,1997, holding that the claim for service-connected benefits had become moot at the death of the veteran-claimant, and that therefore the CVA had lost jurisdiction over the action.
 
 See Richard,
 
 10 Vet.App. at 432.
 

 
 *721
 
 Louis Richard, on behalf of the deceased’s estate, brings this appeal pursuant to 38 U.S.C. § 7292 (1994), requesting that this court order reinstatement of the CVA appeal.
 

 II
 

 Because appellant requests this court to interpret statutes relating to veterans’ benefits and the rules established for the Court of Veterans Appeals, this court has jurisdiction under 38 U.S.C. § 7292(c) (1994) (granting exclusive jurisdiction to the Federal Circuit “to review and decide any ... interpretation [of any statute or regulation under this section]”). Nevertheless, the Secretary of Veterans Affairs (“the Secretary”) asserts that jurisdiction is not proper with this court, arguing that Mr. Richard “challenges only factual findings or the application of established law to the facts.”
 

 The Secretary’s argument ignores the nature of the questions placed before this court. To be sure, Mr. Richard endeavors to inform the court of the context of the appeal, including the basis upon which the 1994 claim for service connection was filed. He does not, however, present such issues as being ripe for review on this appeal. Merely painting the factual backdrop of a dispute over statutory interpretation clearly does not place an appeal beyond our jurisdiction. Our inquiry here considers the proper construction of statutory language contained in title 38 of the United States Code, and the import of CVA Rule 43(a). As such, jurisdiction is unquestionably proper.
 
 See
 
 38 U.S.C. § 7292.
 

 We review the statutory interpretation of the Court of Veterans Appeals de novo.
 
 See Haines v. West,
 
 154 F.3d 1298, 1299-1300 (Fed.Cir.1998);
 
 Jones v. West,
 
 136 F.3d 1296, 1299 (Fed.Cir.),
 
 cert. denied,
 
 — U.S. -, 119 S.Ct. 90, 142 L.Ed.2d 71 (1998).
 

 III
 

 It is well-established that the Court of Veterans Appeals, although not formally bound by the “case or controversy” requirement of Article III of the United States Constitution, does not decide cases that do not present an actual case or controversy.
 
 See Zevalkink v. Brown,
 
 102 F.3d 1236, 1243 (Fed.Cir.1996),
 
 cert. denied,
 
 521 U.S. 1103, 117 S.Ct. 2478, 138 L.Ed.2d 988 (1997). There is no dispute that if Louis Richard does not possess standing to pursue his deceased brother’s claims, there is no case or controversy over which the CVA may exercise jurisdiction.
 
 See id.
 
 Further, Louis Richard’s qualifications as the personal representative of Philogene Richard’s estate are not in dispute. Thus, because Louis Richard’s claims are wholly derivative of those of the deceased veteran, the dispositive issue is whether the claims of a veteran for service-connected benefits under 38 U.S.C. § 1110 survive his or her death. We hold that they do not.
 

 Chapter 11 of title 38 makes no provision for the payment of disability compensation to survivors.
 
 Haines,
 
 154 F.3d at 1300. Instead, Congress in 1943 established a procedure whereby a limited amount of “accrued benefits” due to the deceased veteran could be recovered by designated individuals. Act of July 13, 1943, Ch. 233, Pub.L. No. 78-144, 57 Stat. 554, 557. This scheme was eventually codified with minor changes at 38 U.S.C. § 5121(a), which allows benefits accrued within two years of the veteran’s death to be paid first to the surviving spouse, then to any surviving children, surviving parents, and in some cases to the person who bore the expense of thé veteran’s last sickness and burial.
 
 See
 
 38 U.S.C. § 5121(a) (West Supp. 1998). In addition, 38 U.S.C. § 5112(b)(1) (1994) establishes that payment of disability compensation terminates on the last day of the month prior to the veteran’s death.
 

 Louis Richard’s principal argument is that the silence of the relevant statutes concerning disability payments to survivors, together with the CVA’s procedural rules expressly allowing substitution, compels the conclusion that a representative of a deceased veteran’s estate may be substituted for the (deceased) veteran in a pending appeal. In support of this proposition, Richard points to the language of CVA Rule 43(a), permitting the “personal representative of the deceased party’s estate” to be substituted for the deceased in a pending appeal. Further, Richard argues that the silence of chapter 11 of
 
 *722
 
 title 38 regarding survivorship cannot lead to a conclusion that sections 5121 and 5112 were intended to prevent heirs of deceased veterans from pursuing pending claims for disability compensation. A conclusion of such “intent,” he argues, would contravene the broad remedial purposes of the veteran’s benefits statute. Finally, Richard argues that the pertinent legislative history of section 5121 is supportive of his position.
 

 These arguments, however, fail on two grounds. First, arguments relying upon the language of CVA Rule 43(a) are inapposite, as they fail to recognize that the question of substitution is separate from that of standing.
 
 See, e.g., Robertson v. Wegmann,
 
 436 U.S. 584, 587 n. 3, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (noting that the relevant procedural rules “simply describe[] the
 
 manner
 
 in which parties are to be substituted ... once it is determined that the applicable substantive law allows the action to survive a party’s death.”) (emphasis in original). Thus, the “substitution” provision of CVA Rule 43(a) simply does not inform our inquiry regarding whether Louis Richard has standing to continue his deceased brother’s appeal.
 

 Second, Mr. Richard’s statutory arguments cannot overcome the clear intent expressed by the structure and language of the statutory scheme at issue — that a veteran’s claim to disability benefits terminates at death. As we noted recently in
 
 Haines,
 
 which concerned a spouse’s attempt to continue the appeal of a deceased veteran under 38 U.S.C. § 5109A (West Supp.1998) (allowing the Secretary to correct “clear and unmistakable errors”), the substantive compensation provisions found in chapter 11 of title 38 clearly distinguish between disability compensation, generally available only to veterans, and death and pension benefits, payable to survivors. 154 F.3d at 1300;
 
 compare
 
 38 U.S.C. § 1110 (1994) (wartime disability compensation)
 
 with
 
 38 U.S.C. § 1121 (1994) (wartime death compensation for designated heirs and dependents);
 
 compare
 
 38 U.S.C. § 1131 (1994) (peacetime disability compensation)
 
 with
 
 38 U.S.C. § 1141 (1994) (peacetime death compensation for designated heirs and dependents). Further, as noted above, section 5112(b) of title 38 expressly terminates a veteran’s right to receive disability benefits on the last day of the month prior to the veteran’s death, and Congress has established in section 5121(a) a singular exception to this rule in the form of a wholly separate procedure for designated survivors to recover limited amounts of disability benefits “due and unpaid” at the death of the veteran. Thus, as we noted in
 
 Haines,
 
 154 F.3d at 1300, a veteran’s death limits the recipients, amounts, and processes of recovery of disability compensation to those provided in section 5121.
 

 Richard recognizes that, because section 5121(a)(2) limits recovery to the veteran’s spouse, surviving children and dependent parents, a decedent’s estate is precluded from pursuing a claim under this section. However, Richard posits that section 5121 merely establishes an alternative yet nonexclusive means of recovering disability compensation due a veteran at death, and that the broad language of
 
 Haines
 
 declaring veterans’ disability claims extinguished at death does not apply to the case of a non-5121 claimant, as that case concerned a party authorized to pursue claims under 38 U.S.C. § 5121, in contrast to the case here.
 

 We think, however, that the reasoning of our prior decisions is equally applicable here. Richard’s construction of section 5121, together with CVA Rule 43(a), would clearly swallow the “narrowly limited exception” of 5121 that we described in
 
 Haines.
 
 154 F.3d at 1300. Because section 5121 limits recovery to benefits accrued within two years of the veteran’s death, a claim based instead on the substitution right of Rule 43(a) would potentially offer greater recovery. In addition, allowing such derivative actions to proceed after the death of the veteran-claimant would render section 5112(b)’s express termination of the payment of disability compensation virtually meaningless.
 

 Although this case is the first to squarely present this court with the question of whether a non-section 5121 claimant may continue a deceased veteran’s appeal for disability compensation, nothing in the legislative history or the “remedial” nature of the veterans’ compensation statutes, see
 
 Smith v. Brown,
 
 35 F.3d 1516, 1525 (Fed.Cir.1994),
 
 *723
 
 persuades us that the result should be different from that reached in
 
 Haines.
 
 The parties dispute the meaning and import of the legislative history of the relevant section — a record that broadly reflects a transition from express prohibitions of payments to veterans’ estates to explicit allowance of payments to certain designated individuals.
 
 See, e.g.,
 
 H.R.Rep. No. 78-463, at 14 (1943); S.Rep. No. 78-403, at 11 (1943). We consider the history cited to us by the parties to be inconclusive to our inquiry, and in any event insufficient to overcome the intent to terminate a veteran’s claim to disability compensation at death manifested by the structure and language of the statutes themselves. To the extent that Richard relies on the overarching remedial purposes of the disability compensation scheme, we pause only to note that a party “cannot rely upon the generous spirit that suffuses the law generally to override the clear meaning of a particular provision.”
 
 Smith,
 
 35 F.3d at 1525.
 

 IV
 

 Richard’s final argument is that any construction of section 5121, section 5112(b) or other provision of title 38 that compels a conclusion that a veteran’s claim to disability compensation terminates at death brings the statute into conflict with the constitutional requirement of procedural due process. However, to raise a due process question the claimant must demonstrate a protected property interest entitled to such protections.
 
 See Cleveland Bd. of Educ. v. Loudermill,
 
 470 U.S. 532, 538-39, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985);
 
 Board of Regents v. Roth,
 
 408 U.S. 564, 576-78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). “Property interests, however, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source_”
 
 Roth,
 
 408 U.S. at 577, 92 S.Ct. 2701. Because a veteran’s claim to disability compensation under chapter 11 of title 38 is terminated by his or her death, a veteran— and therefore a veteran’s estate — cannot have a protected property interest arising from “existing rules or understandings” in such compensation.
 
 Id.; see also Zevalkink,
 
 102 F.3d at 1242 (“Before the veteran’s death, of course, the [accrued benefits claimant under section 5121] has no claim and, thus, no process rights.”);
 
 Lyng v. Payne,
 
 476 U.S. 926, 942, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986) (“We have never held that applicants for benefits ... have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendment.”).
 

 Conclusion
 

 Because Philogene Richard’s claim under 38 U.S.C. § 1110 was extinguished at his death, his pending appeal before the Court of Veterans Appeals became moot. Having thus lost subject matter jurisdiction, the CVA acted properly in dismissing Mr. Richard’s appeal.
 

 AFFIRMED.