NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7202

ALBERTO P. PERILLO,

Claimant-Appellant,

v.

R. James Nicholson, SECRETARY OF VETERANS AFFAIRS,

Respondent-Appellee.

_____

DECIDED:  April 6, 2006

_____

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims dismissed Alberto P. Perillo's appeal for lack of jurisdiction after denying his motion to substitute himself as the party in a previous decision of the Board of Veterans' Appeals (Board).  Perillo v. Nicholson, No. 05-0230 (Vet. App. June 14, 2005) (Order).  Because this court lacks jurisdiction to consider the appeal, this court dismisses.

I.

On October 13, 2004, the Board issued a decision in the case of claim for dependency and indemnification compensation (DIC) filed by Maria G. Intendencia.  Ms. Intendencia's DIC claim was based on her status as the widow of Eusebio A. Intendencia, a military veteran.  Ms. Intendencia died on October 4, 2004,

approximately one week before the Board issued its decision on her claim. Ms. Intendencia was Mr. Perillo's mother-in-law.

On January 31, 2005, Mr. Perillo filed an appeal with the Veterans Court from the October 13 decision of the Board. In that filing, Mr. Perillo identified himself as "the substitute party," while identifying Ms. Intendencia as his "ward." The Veterans Court explained that a Board decision issued after a claimant's death is made without jurisdiction and is therefore not a final Board decision. Order, slip op. at 1. The Veterans Court further explained that its jurisdiction required a final Board decision involving the purported appellant. Id., slip op. at 2. Because the Board had not issued a final decision regarding any claim filed by Mr. Perillo, the Veterans Court dismissed Mr. Perillo's appeal for lack of jurisdiction. Finally, the Veterans Court treated Mr. Perillo's self-identification as a "substitute party" as a request to substitute himself for Ms. Intendencia and then denied that request. Id., slip op. at 2. Mr. Perillo appeals from the Veterans Court decision.

## II.

This court's jurisdiction in the case of appeals from the Veterans Court is limited by 38 U.S.C. § 7292. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Section 7292 supplies this court only with "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). This court may not review findings of fact or the application of law to the facts, except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(1);

Bustos v. West, 179 F.3d 1378, 1380 (Fed. Cir. 1999). That prohibition on this court's review of factual determinations, as well as the application of law to facts, applies with equal force where the ultimate legal determination is a jurisdictional decision by Veterans Court. See Cook v. Principi, 353 F.3d 937, 940 (Fed. Cir. 2003) ("[T]his court does not have jurisdiction to review an alleged abuse of discretion under [the Veterans Court's jurisdictional statute] premised on the misapplication of the law to facts, or an erroneous factual determination.").

The Government argues that this court lacks jurisdiction to consider Mr. Perillo's appeal because he challenges nothing more than the application of law to facts. Both Mr. Perillo's arguments and the Veterans Court's decision confirm that the Government is correct. Mr. Perillo fails to take issue with the Veterans Court's statement of the law, i.e., that only a claimant who has lost at the Board can appeal to the Veterans Court. The Veterans Court decision amounts simply to the application of that law to the facts of this case, in which Mr. Perillo has not lost at the Board.

While Mr. Perillo asserts that he should be substituted for his deceased mother-in-law, he has presented no argument either to the Veterans Court or to this court that would support that substitution. In making his substitution argument, Mr. Perillo merely cites to Rule 43 of the Veterans Court which provides a procedural mechanism for substitution of a party "by any person permitted by law to do so." Vet. App. R. 43(a)(1). As the Government points out, this court has explained that the rule does not confer a right of substitution, but merely a mechanism for substitution where the right already exists. See Richard v. West, 161 F.3d 719, 722 (Fed. Cir. 1998) (in the case of an individual seeking to be substituted for his deceased brother, explaining that the

existence of Rule 43 does not resolve the question of whether substitution is proper). There is another reason why Rule 43 does not help Mr. Perillo: by its language, Rule 43 applies, if at all, to situations where a party entitled to appeal dies. See Vet. App. R. 43(a)(1) ("If a party entitled to appeal dies . . . ."). Here, Ms. Intendencia died before the Board issued its decision. As explained by the Veterans Court, in such a circumstance, the Board decision is made without jurisdiction and so is not a final Board decision from which a party can appeal. Order, slip op. at 1. Thus, Rule 43 does not seem to apply to Mr. Perillo at least because Ms. Intendencia was never "a party entitled to appeal," having died before the Board issued its decision.

Because Mr. Perillo does not challenge the validity of any statute or regulation or any interpretation thereof by the Veterans Court, this court lacks jurisdiction. The appeal is dismissed.