MOORMAN, Judge,
concurring:
I concur in the result reached by the Court that vacatur of the Full Court Opinion is not warranted under the circumstances presented here. I write separately to emphasize that the Court here adheres to the “case or controversy” requirement of Article III of the U.S. Constitution. See Mokal v. Derwinski, 1 Vet.App. 12, 13 (1990). The procedural posture of this case makes it virtually impossible to read our decision as supporting a finding that a “case or controversy” need not exist in order to establish our jurisdiction. Indeed, at the time that the Court issued its Full Court Opinion in April 2005, the Court decided issues in Mr. Pad-gett’s appeal that had relevant and preclu-sive effect on Mrs. Padgett’s accrued benefits claim. See Haines v. West, 154 F.3d 1298 (Fed.Cir.1998). Accordingly, the appeal and issue of service connection were not moot at the time the Court issued its Full Court Opinion. The fact that Mrs. Padgett has, subsequent to the issuance of that opinion, been awarded accrued benefits does not change the fact that at the time the opinion was filed, we had jurisdiction over the appeal. Despite Mr. Padgett’s death, at that time there was a potential accrued benefits claimant, Mrs. Padgett, and Mrs. Padgett sought substitution shortly after the filing of the Full Court Opinion. See Pekular v. Mansfield, 21 Vet.App. 495, 501 (2007) (noting that the Court’s holding in Landicho v. Brown, 7 Vet.App. 42 (1994) — that when an appellant died while his case was on appeal to this Court, the appeal must be dismissed for lack of jurisdiction — was overruled in cases where an eligible accrued benefits recipient seeks substitution, both by implication in Zevalkink v. Brown, 102 F.3d 1236 (Fed.Cir.1996), and by the express finding in Padgett v. Nicholson, 473 F.3d 1364 (Fed.Cir.2007)).
Regardless of my own view as to whether the Full Court Opinion is a correct statement of the law or correct application of the law, the issue now before the Court is whether the Secretary has demonstrated that a balancing of public policies favors the vacatur by this Court of its own previously issued precedential decision. In the unique posture of this case, neither “mootness by reason of settlement,” U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), nor mootness due to the voluntary act of a losing party, Karcher v. May, 484 U.S. 72, 82-83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987) (holding United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950), procedure inapplicable because “controversy did not become moot due to circumstances unattributable to any of the parties”), justifies vacatur of our previously released Full Court Opinion.