argues that by asking the court to determine that the benefit of the doubt rule applies to this case, Tanner implicitly asks the court to reweigh the evidence in contravention of 38 U.S.C. § 7292(d)(2). The court agrees. Further, Tanner's remaining arguments concern the facts of his case and the weighing of evidence. These arguments concern the Court of Appeals for Veterans Claims' factual determinations and applications of the law to the facts. Thus, pursuant to 38 U.S.C. § 7292(d)(2), Tanner's appeal is not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

**Lisa S. COLLINS, Claimant–Appellant,**

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2008–7154.**

United States Court of Appeals, Federal Circuit.

Dec. 2, 2008.

---

claim is part of" this case. The court notes that in its decision, the Court of Appeals for Veterans Claims indicated that Tanner's

Lisa S. Collins, Buffalo, NY, pro se.

Douglas K. Mickle, Department of Justice, Michael J. Timinski, Jamie L. Mueller, Department of Veterans Affairs, Washington DC, for Respondent–Appellee.

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Lisa S. Collins's appeal from the United States Court of Appeals for Veterans Claims' judgment in *Collins v. Peake*, 08–1310, for lack of jurisdiction. Collins moves to supplement her informal brief.

Collins submitted a document to the Court of Appeals for Veterans Claims that that court treated as a notice of appeal. The Court of Appeals for Veterans Claims dismissed Collins's appeal for lack of jurisdiction, finding that the Board had not issued a final decision with respect to her claim. Collins appeals to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

---

§ 1151 claim had been referred to the regional office and thus was not part of this case.

In her informal brief, Collins raises no issues within this court's jurisdiction. The issue that she might raise, whether the board had issued a decision, is a factual matter outside of this court's jurisdiction. Because Collins fails to raise an issue within our jurisdiction, we must dismiss this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

(3) Collins's motion to supplement her brief is granted.

**Mark A. HARTLEY, Claimant–Appellant,**

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2008–7156.**

United States Court of Appeals, Federal Circuit.

Dec. 2, 2008.

Mark A. Hartley, Freeport, PA, pro se.

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

Mark A. Hartley responds to the court's order directing him to show cause why his appeal should not be dismissed as untimely. The Secretary of Veterans Affairs responds.

The certified list of docket entries of the United States Court of Appeals for Veterans Claims reflects that the judgment affirming the decision of the Board of Veterans' Appeals was entered on April 23, 2008. The list further reflects that Hartley filed his notice of appeal on June 27, 2008, more than 60 days later. *See* 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1).

Hartley states that he believed that he had 60 business days, rather than calendar days, in which to file his notice of appeal. The Secretary contends that, pursuant to Fed. R.App. P. 26(a), in computing time periods weekends and holidays are excluded only when the period of time is less than 11 days. The court agrees with the Secretary that, to be timely, Hartley's notice of appeal was required to be filed within 60 calendar days after entry of judgment.

The time limit for filing a notice of appeal is jurisdictional. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)). Thus, Hartley's failure to file timely a notice of appeal may not be waived. *See Oja v. Army,* 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Because Hartley's appeal was filed on June 27,