ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Renee L. Mallette’s appeal from a decision of the United States Court of Appeals for Veterans Claims (CAVC) affirming the Board of Veterans’ Appeals (Board) decision that denied Mallette entitlement to accrued benefits.
Veteran John M. Mallette served honorably on active duty in the U.S. Army from November 1942 to February 1947 and from March 1951 to December 1957. He was service-connected for chronic obstructive pulmonary disease (COPD). In 1993, a Department of Veterans Affairs regional office denied John Mallette a disability rating award in excess of 60% for his COPD. He did not appeal that decision, rendering it final. John Mallette died in February 1995.
Renee Mallette, the surviving spouse, was awarded dependency and indemnification compensation by the Department. She also sought to collaterally challenge the Department’s 1993 decision denying John Mallette a disability rating in excess *872 of 60%, based on assertions of clear and unmistakable error (CUE). Her CUE request was denied by the Board. Subsequently, Renee Mallette again raised her claim that the evidence submitted in 1993 entitled John Mallette to a disability rating in excess of 60% for his COPD. The Department denied Renee Mallette’s request on the grounds that CUE had not been established and that she was not entitled to accrued benefits because her husband did not have a claim pending at the time of his death. The Board upheld the Department’s decision.
On appeal, the CAVC affirmed the Board’s decision. The CAVC held that Renee Mallette lacked standing to bring a CUE request regarding the rating decision because only her husband could have filed such a request, citing this court's decision in Haines v. West, 154 F.3d 1298, 1301 (Fed.Cir.1998). The CAVC found that there was no pending claim at the time of John Mallette’s death and affirmed the Board’s denial of accrued benefits. Renee Mallette appealed, seeking this court’s review.
The Secretary moves this court to dismiss Renee Mallette’s appeal because she does not raise any issued in her brief within this court’s jurisdiction. Our jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).
 Renee Mallette’s brief does not raise any statutory or regulatory interpretation issues or any constitutional issues. The only issues that she could raise are whether the CAVC correctly held that she did not have standing to request review on the ground of CUE and whether the CAVC correctly found that the John Mallette did not have a claim pending at the time of his death. Concerning the first issue, we held in Haines that “a survivor has no standing to request review of a decision affecting the disability benefits of a veteran on the ground of CUE; the survivor is not the disability benefits claimant.” Haines, 154 F.3d at 1301. See also Jones v. West, 136 F.3d 1296, 1299 (Fed.Cir.1998) (“[I]n order for a surviving spouse to be entitled to accrued benefits, the veteran must have a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision”). As to the second issue, the factual determination whether John Mallette had a claim pending at the time of his death is a matter outside of this court’s jurisdiction. Thus, we summarily affirm the CAVC’s judgment insofar as it might raise an issue within this court’s jurisdiction and we do not reach any issue over which we do not have jurisdiction. Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). It is clear that summary affirmance is appropriate in this case based upon our decisions in Haines and Jones.
Accordingly,
IT IS ORDERED THAT:
*873 (1) The decision of the CAVC is summarily affirmed.
(2) The Secretary’s motion is denied as moot.
(3) Each side shall bear its own costs.