LANCE, Judge,
concurring in the result:
Although I agree with my colleagues that the February 2012 Board decision should be affirmed and concur with its analysis in Part II.A, I cannot join the majority’s analysis in Part II.B as to the interplay between section 5121 and state law, and so I am compelled to write separately.
The Federal Circuit has made clear that “a veteran’s claim to disability compensation under chapter 11 of title 38 is terminated by his or her death, [and so] a veteran — and therefore a veteran’s estate — cannot have a protected property interest [therein].” Richard v. West, 161 F.3d 719, 723 (Fed.Cir.1998). In other words, state law is simply not implicated by an accrued benefits claim, as any inheritable property interest died with the veteran. Accrued benefits claims, although derivative of the veteran’s claims, are distinct property interests, and the class of eligible accrued benefits recipients is limited by statute. “ ‘[A] veteran’s death limits the recipients, amounts, and processes of recovery of disability compensation to those provided in section 5121.’ ” Youngman v. Shinseki, 699 F.3d 1301, 1304 (Fed.Cir.2012) (quoting Richard, 161 F.3d at 722). Indeed, the Federal Circuit has explicitly held that “[n]o payment can be made to the veteran’s estate, or any heir other than as designated in § 5121(a).” Id. This Court is bound by the decisions of the Federal Circuit and can do nothing in the face of controlling precedent but apply it. See Bell v. Derwinski, 2 Vet.App. 611, 613 (1992). As the majority recognized in Part II.A, “under settled precedent, Mr. Morris is not entitled to accrued benefits ... [and] the Board properly denied his claim.” Ante at 500. This holding ends the Court’s inquiry, and the majority’s remaining analysis in Part II.B is mere dictum.