NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LINDA KAY ROBISON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2025-1328

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5922, Judge Coral Wong Pietsch.

———————————

Decided: June 2, 2026

———————————

ROBERT C. BROWN, JR., Tommy Klepper & Associates, PLLC, Norman, OK, for claimant-appellant.

REBECCA TAYLOR MITCHELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; TYRONE COLLIER, DEREK SCADDEN, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Linda Kay Robison appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") dismissing a claim of clear and unmistakable error ("CUE") in a May 1999 rating decision that awarded non-service-connected pension benefits to her now-deceased spouse, veteran Gerald Glen Robison. *See Robison v. McDonough*, No. 23-5922, 2024 WL 4539849 (Vet. App. Oct. 22, 2024) ("*Veterans Court Decision*"); *see also* J.A. 5–10 ("*Board Decision*"). Because we lack jurisdiction over the appeal, we *dismiss*.

## BACKGROUND

Veteran Robison served in the United States Air Force from January 1962 to January 1966. *Veterans Court Decision*, 2024 WL 4539849, at *1. In May 1999, he was awarded non-service-connected pension benefits. *Id.* He passed away in June 2007. *Id.*

In August 2020, appellant Robison filed a claim alleging CUE in the May 1999 rating decision. *Id.* After the Veterans Affairs Regional Office denied her claim, she appealed to the Board. *See id.*; J.A. 24–26. The Board dismissed Robison's claim because she was not the claimant—*i.e.*, veteran Robison—and so she lacked standing to file the CUE claim. *See Veterans Court Decision*, 2024 WL 4539849, at *1; *Board Decision*, J.A. 7–8. Robison then appealed to the Veterans Court. *Veterans Court Decision*, 2024 WL 4539849, at *1.

On appeal to the Veterans Court, Robison acknowledged that, under our precedent, she did not have standing to bring her CUE claim. *Id.* (first citing *Haines v. West*, 154 F.3d 1298, 1301 (Fed. Cir. 1998); and then citing *Crews v. McDonough*, 63 F.4th 27, 41 (Fed. Cir. 2023)). She did not identify any error in law or fact with the Board's decision. *Id.* The Veterans Court accordingly affirmed the Board's dismissal of her CUE claim. *Id.* at 2. Robison appealed to our court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to review decisions of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id.* § 7292(d)(2).

"[B]y the express terms of [38 U.S.C. § 5109A(d)], a survivor has no standing to request review of a decision affecting the disability benefits of a veteran on the ground of CUE; the survivor is not the disability benefits claimant." *Haines*, 154 F.3d at 1301; *see also Crews*, 63 F.4th at 41 (explaining that 38 U.S.C. § 5121A, which provides for substitution in the event of the death of a claimant, "does not allow a survivor to bring a CUE claim that was not previously raised"). Here, Robison concedes that such precedent "bar[s] similarly situated widows from presenting CUE claims." Robison Open. Br. 4 (first citing *Haines*, 154 F.3d at 1301; and then citing *Crews*, 63 F.4th at 41); *see also id.* at 10. Given that concession, Robison is in essence asking us to determine whether the Veterans Court correctly applied *Haines* and *Crews* to her case. That argument does not bring her appeal under our jurisdiction,

as it is a challenge to the Veterans Court's application of our law to the facts of Robison's case.  *See* 38 U.S.C. § 7292(d)(2).  Accordingly, we *dismiss*.[1]

## CONCLUSION

We have considered Robison's remaining arguments but find them unpersuasive.  For the foregoing reasons, we *dismiss* her appeal for lack of jurisdiction.

## DISMISSED

## COSTS

No costs.

---

[1]     Even if we had jurisdiction, Robison does not argue that her case is distinguishable from *Haines* and *Crews*. *See* Robison Open. Br. 16.  She asks only that the panel reverse that precedent but does not point us to any intervening decision.  *Id.* at 5–8.  We thus cannot do so, as we are "bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court."  *See Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014).