# United States Court of Appeals for the Federal Circuit

---

**REGINA M. PIRKL,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7067

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-0175, Judge Lawrence B. Hagel.

---

Decided: June 12, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka Kansas, argued for claimant-appellant.

JOHN J. TODOR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, MAYER, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

Regina M. Pirkl appeals from a final decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board") that Mrs. Pirkl's late husband was not entitled to a 100% disability rating for the entire period of time between September 30, 1952, and August 30, 1988. Because the Board did not consider the effect of certain regulations governing a reduction of a total disability rating, we vacate and remand.

BACKGROUND

Mr. Pirkl served on active duty in the U.S. Navy from December 1947 to November 1949. Effective November 1949, the Department of Veterans Affairs ("VA") awarded Mr. Pirkl disability benefits for paranoid schizophrenic reaction, evaluated as 10% disabling. A VA regional office increased his disability rating to 100%, effective September 30, 1952.

On September 3, 1953, the regional office issued a rating decision reducing Mr. Pirkl's disability rating to 70% on the basis of the findings of a newly acquired VA medical examination. The rating decision indicated that this reduction would become effective on November 3, 1953. Mr. Pirkl did not appeal this decision and it became final.

In a December 10, 1956, rating decision, the regional office again reduced Mr. Pirkl's disability rating, this time to 50%, effective February 9, 1957. The regional office based this reduction on the findings of a newly acquired VA medical examination and evidence pertaining to

changes in Mr. Pirkl's employment status. Mr. Pirkl did not appeal this decision and it became final.

In an April 13, 1966, rating decision, the regional office further reduced Mr. Pirkl's disability rating to 30%, effective July 1, 1966, on the basis of a newly acquired VA medical examination and additional evidence pertaining to Mr. Pirkl's employment status. Mr. Pirkl appealed to the Board. In a January 12, 1967, decision, the Board concluded that Mr. Pirkl was not entitled to a disability rating in excess of 30%. Judicial review was unavailable at that time and this Board decision therefore was final. *See* Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988).

In August 1991, Mr. Pirkl filed a claim to reopen a previously denied claim for an increased disability rating for his service-connected schizophrenic reaction that, after extensive development and litigation, resulted in an award of a 100% disability rating, effective November 30, 1988.

In December 2001, Mr. Pirkl filed with the VA a motion to revise the three final regional office rating decisions based on clear and unmistakable error ("CUE"):[1] the September 3, 1953, rating decision that reduced Mr. Pirkl's disability rating from 100% to 70%, effective November 3, 1953; the December 10, 1956, rating decision that further reduced his disability rating to 50%, effective February 9, 1957; and the April 13, 1966, rating decision

---

[1] Clear and unmistakable error generally occurs when the correct facts are not before the Board or when the Board incorrectly applies the relevant statutory or regulatory provisions. Where the result would have been manifestly different but-for such an error in fact or law, a finding of clear and unmistakable error is warranted. *See* 38 CFR § 20.1403.

which again reduced his disability rating to 30%, effective July 1, 1966.

The request for revision of the April 13, 1966, rating decision was addressed in the first instance by the Board in an August 2002 decision. *See* 38 U.S.C. § 7111(e)–(f) (2011) (providing that a request for revision of a final Board decision on the basis of CUE error "shall be submitted directly to the Board and shall be decided by the Board on the merits, without referral to any adjudicative or hearing official acting on behalf of the Secretary"). As a result, the challenge to the April, 13, 1966, rating decision was treated as a request for revision or reversal of the January 12, 1967, Board decision. The Board concluded that its 1967 decision did not contain CUE and denied Mr. Pirkl's motion. Mr. Pirkl did not appeal this decision and it became final.

Subsequently, in February 2005, the regional office issued a rating decision concluding that neither the September 3, 1953, regional office decision nor the December 10, 1956, regional office decision contained CUE. In October 2005, Mr. Pirkl filed through counsel a Notice of Disagreement with this rating decision, but only referenced his disagreement with that portion of the February 2005 rating decision that determined that the September 3, 1953, rating decision did not contain CUE. In a March 2006 Statement of the Case, the regional office again determined that the September 3, 1953, rating decision did not contain CUE. Mr. Pirkl appealed to the Board, once again asserting that the September 3, 1953, regional office decision contained CUE, but not mentioning the December 10, 1956, rating decision.

In August 2006, the Board issued a decision concluding that the September 3, 1953, regional office decision, which had reduced Mr. Pirkl's disability rating from 100% to 70%, contained CUE. Later that month, the regional

office issued a rating decision intended to implement this Board decision. In relevant part, that decision stated:

> [The Board] decision dated August 14, 2006, found that [the] rating decision dated September 3, 1953, had improperly reduced your evaluation from 100[%] to 70[%]. This rating decision puts the [Board] decision into effect. It is noted that the [Board] decision only address[ed] the issue of the evaluation assigned by the September 3, 1953, rating decision, and does not [a]ffect any of the rating decision[s] made subsequent to that date.

J.A. 47 (Rating Decision Aug. 24, 2006). Accordingly, the regional office awarded a 100% disability rating from September 30, 1952, to February 9, 1957, the date on which the December 10, 1956, regional office decision made effective Mr. Pirkl's reduced 50% disability rating.

Mr. Pirkl subsequently filed a Notice of Disagreement with this rating decision, arguing that proper implementation of the August 2006 Board decision would entitle him to a 100% disability rating not just from September 30, 1952, to February 9, 1957, but from September 30, 1952, to November 30, 1988. After further development, Mr. Pirkl appealed to the Board.

In a September 2008 decision, the Board concluded that its August 2006 decision revised only the September 3, 1953, regional office decision on the basis of CUE. It concluded that its finding of CUE in the September 3, 1953, decision did not affect the finality of any subsequent decisions, including the December 10, 1956, regional office decision and the January 12, 1967, Board decision, both of which reduced Mr. Pirkl's disability rating. The Board also determined that the regional office did not err in its implementation of the August 2006 Board decision.

The Board concluded that any challenge to the effective date assigned by the regional office for the restoration

of Mr. Pirkl's 100% disability rating that did not involve a request for revision of the December 10, 1956, regional office decision and the January 12, 1967, Board decision amounted to a free-standing claim to change a previously established effective date, which is not contemplated by VA statutes and regulations. J.A. 57 (citing *Rudd v. Nicholson*, 20 Vet. App. 296, 300 (2006)). The Board therefore dismissed the claim asserted by Mr. Pirkl for 100% disability for the entire period of time between September 30, 1952 and August 30, 1988. Mr. Pirkl appealed the Board's dismissal to the Veterans Court, and the Veterans Court affirmed the decision of the Board.

Mrs. Pirkl appeals to our court.[2] We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

STANDARD OF REVIEW

Upon review of a challenge to a Veteran's Court decision, we may "hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Appeals for Veterans Claims" if we find it to be

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or

---

[2] During the pendency of this dispute, Mr. Pirkl died and the Court of Appeals for Veterans Claims substituted his surviving spouse as the party-in-interest.

(D) without observance of procedure required by law.

38 U.S.C.A. § 7292 (d)(1).

Our authority to review decisions of the Veterans Court includes plenary review of that court's statutory interpretations, but does not extend to review of the court's application of law to fact, except to the extent an appeal presents a constitutional issue. *Carpenter v. Nicholson*, 452 F.3d 1379, 1382-83 (Fed. Cir. 2006). If a statutory interpretation of the Veterans Court is not in accordance with law, we may "modify or reverse the decision of the Court of Appeals for Veterans Claims or to remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1).

## DISCUSSION

The Veterans Court affirmed the Board's decision that Mr. Pirkl was not entitled to a 100% disability rating for the entire period of time between September 30, 1952, and August 30, 1988. *Pirkl v. Shinseki*, No. 09–0175, 2011 WL 5429156 (Vet. App. Nov. 10, 2011). In reaching this determination, the Veterans Court found that "neither the December 10, 1956, regional office decision nor the Board decision of January 12, 1967, was premised on the clearly and unmistakably erroneous September 3, 1953, regional office decision." *Id.* at *4. "[A]s described in those decisions," the Veterans Court said, "the justification for the rating reductions they effectuated was in each instance newly acquired VA medical examinations and evidence of changes in Mr. Pirkl's employment status." *Id.* The Veterans Court thus concluded that the finding of CUE in the September 1953 regional office decision did not affect the subsequent reductions effected by the 1956 and 1967 decisions, which the court found to be independent of the 1953 decision. *Id.* at *6 ("A restoration of a 100% disability rating for this entire period was not

possible due to the December 10, 1956, regional office decision and the January 12, 1967, Board decision . . . .").

The Veterans Court also affirmed the Board's conclusion that Mrs. Pirkl's claim was procedurally improper. *Id.* at *6–7. Because Mrs. Pirkl had argued only that the 1953 regional office decision contained CUE, the Board found that the 1956 and 1967 decisions were not properly before it. The Veterans Court agreed with the Board, and treated Mrs. Pirkl's argument as a "free-standing claim," which the court determined "is not contemplated by VA statutes and regulations." *Id.*

On appeal, Mrs. Pirkl makes two alternative arguments. First, Mrs. Pirkl argues that the Veterans Court relied upon a misinterpretation of 38 U.S.C. § 5109A(b), which requires that a decision finding CUE in a prior decision "has the same effect as if the decision had been made on the date of the prior decision." 38 U.S.C. § 5109A(b). Under Mrs. Pirkl's interpretation of the statute, "once CUE in the 1953 RO decision was found, the VA should have re-instated Mr. Pirkl's 100% rating from 1953 forward, without interruption." Appellant Br. 6.

Second, Mrs. Pirkl argues that in 1956, a reduction in a total disability rating was governed by 38 C.F.R. § 3.170 (1949). This regulation, in relevant part, provided that:

> Total disability ratings . . . will not be reduced, in the absence of clear error, without physical examination showing **material improvement in physical condition**. Examination reports showing material improvement must be evaluated in conjunction with all the facts of record . . . .

38 C.F.R. § 3.170 (1949) (emphasis provided).[3]

---

[3] The regulation was amended in 1956. *See* 38 C.F.R. § 3.170 (1956). The relevant provision was again amended in 1966, and recodified as 38 C.F.R. § 3.343

Specifically, Mrs. Pirkl argues that, once CUE was found in the 1953 decision and Mr. Pirkl's 100% total disability rating was reinstated as of the date of the 1953 decision, § 3.170 became applicable to any subsequent reduction to Mr. Pirkl's disability rating. Hence, any reduction to Mr. Pirkl's disability rating was subject to the "material improvement" requirement of § 3.170. Appellant Br. 9. Mrs. Pirkl contends that because his 100% disability rating was reduced without first meeting the material improvement requirement under § 3.170, the 1956 and 1966 reductions "became null and void because of their connection to the legally improper 1953 reduction." *Id.*

The Government argues that a finding of CUE affects only the decision at issue in the CUE claim, here, the 1953 decision. According to the Government, "[t]he statute thus provides no authority for abrogating the finality of later decisions if those later decisions are not shown to contain CUE." Appellee Br. 13 (emphasis added). In the Government's view, the 1956 RO decision and 1967 Board decision (which subsumed the 1966 RO decision) are independent final decisions under the statute, and cannot be reversed or revised unless CUE is shown to exist independently in those decisions. The Government argues that Mrs. Pirkl "cannot rely upon a finding of CUE to [sic] in the 1953 RO decision alone to abrogate the finality of those later decisions, without showing that the later decisions contained CUE affecting the outcome of those decisions." *Id.* at 14.

The Government argues that Mrs. Pirkl's appeal attempts improperly to raise a freestanding claim to change a previously established effective date by means other

_____

(1966). The provision is codified presently as 38 C.F.R. § 3.343(a) (2012).

than a claim of CUE or new and material evidence. *Id.* at 21.

Under the statute, a finding of CUE in a prior decision must be implemented as if it had been made on the date of the prior decision. This necessarily implies retroactive effect. Here, the statute provides that "a rating or other adjudicative decision that constitutes a reversal or revision of a prior decision on the grounds of CUE has the same effect as if the decision had been made on the date of the prior decision." 38 U.S.C. § 5109A(b).

Thus, while the Government is correct that the finding of CUE in the 1953 decision does not necessarily render null and void a subsequent, independent rating decision, the finding of CUE can change the legal and factual background against which a subsequent rating decision is made, which is what happened in this case.

It is clear that the Board's finding of CUE in the 1953 decision changed the factual and legal background against which subsequent reductions were made, and that the Board failed to consider the effect of this change in implementing its finding of CUE. *See* 38 U.S.C. § 5109A(b) ("[A] rating or other adjudicative decision that constitutes a reversal or revision of a prior decision on the grounds of CUE *has the same effect as if the decision had been made* on the date of the prior decision." (emphasis added)).

When the Board determined that the September 1953 decision contained CUE, Mr. Pirkl's disability rating was reset to 100% as of the date of the 1953 decision. This means that the subsequent reduction of Mr. Pirkl's disability rating in 1956 became an effective reduction from a 100% total disability rating, not from a 70% disability rating.

We accept, as we must, the Veterans Court's factual determination that the subsequent reductions in 1956 and

1966 of Mr. Pirkl's disability rating stand as independent decisions. *See Pirkl*, 2011 WL 5429156, at *4. We thus reject Mrs. Pirkl's argument that the Board's finding of CUE in the 1953 decision initiated a "chain reaction" that necessarily rendered those later decisions "null and void."

Nevertheless, while the 1956 and 1966 decisions stand as independent evaluations, the finding of CUE in the 1953 decision effected a change in the legal context applicable to those later decisions. Here, the Board failed to consider the effect of the applicability of 38 C.F.R. § 3.170 (1949) or its successor regulations in the 1956 and 1966 decisions. For example, we find no support in the record that establishes the 1956 rating decision took into account the "material improvement" standard contained in § 3.170. The CUE finding with respect to the 1953 decision thus requires the Board to revisit these later findings and determine the extent to which the CUE finding changes the legal or factual basis of the later evaluations. *See* 38 U.S.C. § 5109A(b).

We acknowledge the importance of the rule of finality. Yet we have made clear that a CUE challenge is one of two statutory exceptions to the finality rule. *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) ("Congress knew how to create exceptions to the finality of VA decisions, and it explicitly did so in two circumstances. It enacted the statutes codifying CUE challenges (sections 5109A and 7111) and the statute allowing claims based on new and material evidence (section 5108)."). Under 38 U.S.C. § 5109A(b), a finding of CUE may, under some circumstances, require a later decision to be revisited. *See* 38 U.S.C. § 5109A(b) ("[A] rating or other adjudicative decision that constitutes a reversal or revision of a prior decision on the grounds of CUE has the same effect as if the decision had been made on the date of the prior decision."). As the Government admits, "[i]n some circumstances, a finding of CUE in a prior decision may necessarily establish that subsequent decisions on the

same matter are clearly and unmistakably erroneous." Appellee Br. 20. That may or may not be the case here.

To be clear, we do not find that the finding of CUE in the 1953 decision necessarily rendered the later rating decisions clearly and unmistakably erroneous. We hold that the regional office, in implementing the Board's finding of CUE, was required to consider the effects of that CUE finding on the legal and factual basis of the subsequent rating decisions. We therefore vacate the decision of the Veterans Court, and remand to the Board so that it may consider in the first instance, and as part of the implementation of its CUE finding, whether the subsequent reductions of Mr. Pirkl's disability rating in 1956 and 1966 remain proper in view of the applicable regulations in effect at the time.

## CONCLUSION

For the reasons above, we vacate the decision of the Veteran Court, and remand to the Board to consider the effect of 38 C.F.R. § 3.170 (1949) or its successor regulations on the December 1956 and April 1966 reductions.

**VACATED AND REMANDED**