# United States Court of Appeals for the Federal Circuit

---

**BONNIE J. RUSICK,**
*Claimant-Appellant,*

v.

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7105

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3773, Judge William A. Moorman.

---

Decided: July 23, 2014

---

KENNETH M. CARPENTER, Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRONS, Deputy Assistant General Counsel, and LARA K.

EILHARDT, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, *Chief Judge,* BRYSON and DYK, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Bonnie J. Rusick appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), which upheld a ruling of the Board of Veterans' Appeals denying Mrs. Rusick's claim for accrued benefits allegedly due to her deceased husband. Because the Veterans Court did not misinterpret 38 U.S.C. § 5121(a) or 38 U.S.C. § 5109A(b), we affirm.

I

Mrs. Rusick is the surviving spouse of veteran George W. Rusick. Mr. Rusick served on active duty in the United States military from January 1942 until December 1943. In February 1983, a regional office of the Veterans Administration issued a decision continuing a 30-percent rating for Mr. Rusick's service-connected anxiety disorder. Together with a service-connected hearing loss rated at 40 percent, Mr. Rusick's combined rating was 60 percent. In 1996, the regional office increased the rating for his anxiety disorder to 100 percent. Mr. Rusick died in April 2000. At that time, he had no pending claims for benefits from the Department of Veterans Affairs ("DVA").

In May 2000, Mrs. Rusick filed a claim with the DVA seeking dependency and indemnity compensation ("DIC") and accrued benefits. The DVA denied both claims in October 2000, and Mrs. Rusick did not appeal. In September 2006, Mrs. Rusick filed another claim with the DVA asserting entitlement to DIC based on a clear and unmistakable error ("CUE") in Mr. Rusick's February 1983 rating decision. Mrs. Rusick asserted that Mr.

Rusick would have received a 100 percent rating in 1983 because the evidence showed that he was unemployable as of that time. The Board of Veterans' Appeals agreed with Mrs. Rusick that the regional office's failure to assign Mr. Rusick a 100 percent rating in 1983 constituted CUE. Based on that error, the Board determined that Mrs. Rusick was entitled to DIC benefits under 38 U.S.C. § 1318, which provides that a surviving spouse shall receive DIC if the veteran was "entitled to receive . . . compensation at the time of death for a service-connected disability rated totally disabling if . . . the disability was continuously rated totally disabling for a period of 10 or more years immediately preceding death." 38 U.S.C. § 1318(b).

The regional office implemented the Board's decision by awarding DIC, but it denied Mrs. Rusick's further claim for accrued benefits under 38 U.S.C. § 5121. That claim, if granted, would have entitled Mrs. Rusick to the additional benefits Mr. Rusick would have received between 1983 and 1996 if he had been awarded a 100 percent rating in 1983. Mrs. Rusick appealed that decision, and the Board affirmed. The Board held that the CUE decision had the limited effect of rendering Mrs. Rusick eligible for DIC; it did not have the further effect of making her eligible to receive accrued benefits for which her deceased husband would have been eligible if he had filed a CUE claim under 38 U.S.C. § 5109A.

On Mrs. Rusick's appeal of the Board's decision, the Veterans Court affirmed. It rejected Mrs. Rusick's argument that, based on the Board's CUE determination, she was entitled to the periodic monthly benefits to which Mr. Rusick was allegedly "entitled at death under existing ratings or decisions" and that were "due and unpaid," 38 U.S.C. § 5121(a). The court explained that because the Board's CUE determination was made after Mr. Rusick's death, "there was no 'existing' rating decision at the time of his death in 2000" that would allow Mrs. Rusick to

receive accrued benefits under section 5121. *Rusick v. Shinseki*, No 11-3773, slip op. at 6 (Vet. App. Mar. 29, 2013).

The Veterans Court rejected Mrs. Rusick's argument that the corrected 1983 rating decision became an "existing . . . decision" for purposes of section 5121, the accrued benefits statute, by virtue of the retroactivity provision in section 5109A, the veterans' CUE claim statute. The court held that under this court's decision in *Haines v. West*, 154 F.3d 1298 (Fed. Cir. 1998), "a veteran's CUE claim under section 5109A . . . does not survive the veteran's death." *Rusick*, slip op. at 6. The court further explained that "[b]ecause section 5109A does not contain any language regarding the payment of veterans benefits to survivors, the appellant cannot use the language in the CUE statute to override the specific provisions of section 5121," which limit a survivor to receiving benefits that were "awarded but unpaid" at the time of the veteran's death. *Id.* at 6-7. Because the benefits sought by Mrs. Rusick were not "benefits that were awarded but unpaid to her husband at the time of his death," the court ruled that she was not entitled to those benefits under section 5121.

## II

On appeal to this court, Mrs. Rusick argues that the Veterans Court misinterpreted the accrued benefits statute, 38 U.S.C. § 5121(a), and the CUE claim statute, 38 U.S.C. § 5109A. At the time of Mr. Rusick's death in 2000, section 5121 provided:

> [P]eriodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death . . . and due and unpaid for a period not to exceed two years, shall, upon the death of such individual be paid as follows:

***

> (2) Upon the death of a veteran, to the living person first listed below:
>> (A) The veteran's spouse . . .

38 U.S.C. § 5121(a) (2000).[1]  Mrs. Rusick argues that when the Board revised the 1983 rating decision based on CUE, that decision became an "existing rating[] or decision[]" under section 5121, thereby entitling her to accrued benefits.  That is so, according to Mrs. Rusick, because of section 5109A's retroactivity provision.  That provision states that "[f]or the purposes of authorizing benefits, a rating or other adjudicative decision that constitutes a reversal or revision of a prior decision on the grounds of clear and unmistakable error has the same effect as if the decision had been made on the date of the prior decision."  38 U.S.C. § 5109A(b).

Mrs. Rusick's argument is foreclosed by our decisions in *Jones v. West*, 136 F.3d 1296 (Fed. Cir. 1998), and *Haines v. West*, 154 F.3d 1298 (Fed. Cir. 1998).  In *Jones* we held that "in order for a surviving spouse to be entitled to accrued benefits, the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision."  136 F.3d at 1299.  The court foreclosed a broad view of an "existing rating or decision" that would include revised ratings or decisions by noting that "a surviving spouse's 'accrued benefits claim is derivative of the veteran's claim.'"  *Id.* at 1300 (quoting *Zevalkink v. Brown*, 102 F.3d

---

[1]   Section 5121 was amended in 2003 to remove the two-year limitation on the payment of accrued benefits. *See* Veterans Benefits Act of 2003, § 104(a), Pub. L. No. 108-183, 117 Stat. 2651, 2656.  That change, however, does not apply to veterans who died before December 16, 2003. *Id.* § 104(d).

1236, 1241-42 (Fed. Cir. 1996)). Therefore, if the veteran does not have a claim pending at the time of his death, or otherwise have money due to him but unpaid, then "the surviving spouse has no claim upon which to derive his or her own application" for accrued benefits. *Id.* For that reason, Mrs. Rusick may not seek accrued benefits in this case: When Mr. Rusick died, he had not been awarded increased benefits during the relevant period that were unpaid, nor did he have a pending claim to correct the 1983 decision.

In *Haines,* the veteran had a CUE claim under section 5109A pending before the Board when he died. After the Board dismissed the claim due to the veteran's death, the surviving spouse appealed to the Veterans Court, challenging the Board's dismissal of the deceased veteran's claim. The court dismissed the appeal for lack of standing because "the veteran's interest in his CUE claim terminated at the time of his death." *Accord Haines*, 154 F.3d at 1299.

Even though the veteran in *Haines* had a CUE claim already pending at death, we held that "a survivor has no standing to request review of a decision affecting the disability benefits of a veteran on the ground of CUE." 154 F.3d at 1301. And, contrary to Mrs. Rusick's view, we drew a sharp distinction between section 5109A, which provides a procedure for *veterans* to seek benefits erroneously withheld, and section 5121, which governs the rights of *survivors*. *See id.* at 1301-02. *Haines* ultimately held that section 5109A "provides nothing more than a procedure" for a veteran "to seek reconsideration of a limited type of error in a prior decision. It cannot be read as providing a procedure for adjudication or payment of veterans benefits to survivors." *Id.* at 1302.

Section 5109A's retroactivity provision therefore applies to reversals and revisions of prior decisions when the corresponding CUE determination is made pursuant to a

CUE claim filed under section 5109A. It does not apply to CUE determinations made pursuant to other remedial schemes, such as the regulatory scheme under 38 C.F.R. § 3.22, which provides for the award of DIC benefits to a surviving spouse in some situations where CUE is established, *see* 38 C.F.R. § 3.22(a), (b)(1). Thus, Mrs. Rusick cannot use the retroactivity provision of section 5109A to enlarge the scope of what it means for there to be an "existing rating[] or decision[]" under section 5121.

Mrs. Rusick argues that *Haines* was "implicitly overruled" by the enactment of 38 U.S.C. § 5121A in 2008. That provision allows a survivor "who would be eligible to receive accrued benefits" due to a veteran under section 5121 to be substituted on the veteran's claim if the veteran dies "while a claim for any benefit . . . is pending." 38 U.S.C. § 5121A(a)(1). Section 5121A, however, applies only to veterans who die on or after October 10, 2008. Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212(c), 122 Stat. 4145, 4151. Therefore, even if section 5121A superseded part of our holding in *Haines*, it would not affect the applicability of *Haines* to this case, because Mr. Rusick died in 2000. Furthermore, the portion of section 5121A on which Mrs. Rusick relies did not undercut the critical portion of the decision in *Haines*. Even though section 5121A might now allow a survivor to substitute on a pending CUE claim that the veteran had filed before his death, *Haines* still stands for the proposition that a survivor cannot initiate a freestanding CUE claim under section 5109A if the veteran had not already filed such a claim. *See Haines*, 154 F.3d at 1301.

Mrs. Rusick argues that section 5121A was enacted to give survivors the option to continue a veteran's pending claim in addition to the already existing option of "starting anew" by filing an independent request for revision of a prior DVA decision under section 5121 after the veteran's death. According to Mrs. Rusick, even under *Haines* a qualifying survivor has always had the right to file a

fresh claim for revision under section 5121. That contention, however, is directly contrary to our holding in *Jones v. West* that "without the veteran having a claim pending at time of death, the surviving spouse has no claim upon which to derive his or her own application" for accrued benefits. 136 F.3d at 1300.

The legislative history of section 5121A confirms that Congress did not enact that statute under the impression that survivors had a preexisting right to pursue freestanding CUE claims under section 5121. Section 5121A was meant to address the problem of survivors who were not allowed to substitute on a veteran's pending claim, and were thereby forced to "restart the claim 'at the back of the line'" no matter how far up the adjudicative chain the veteran had pursued his claim by the time of his death. H.R. Rep. No. 110-789, at 17 (2008); *see also* "*Helping Those Left Behind: Are We Doing Enough for Parents, Spouses, and Children of Veterans?": Hearing Before the Subcomm. on Disability Assistance and Memorial Affairs of the H. Comm. on Veterans' Affairs*, 110th Cong. 29-33, 60-63 (2007) (statements of Christine Cote, Staff Attorney, National Veterans Legal Services Program). If a veteran had never filed a claim, however, there would be nothing to "restart," and the perceived injustice Congress sought to remedy with the enactment of section 5121A would not exist. *See Legislative Hearing on H.R. 1137, H.R. 3047, H.R. 3249, H.R. 3286, H.R. 3415, H.R. 3954, and H.R. 4084 Before the Subcomm. on Disability Assistance and Memorial Affairs of the H. Comm. on Veterans' Affairs*, 110th Cong. 31 (2007) (statement of Bradley Mayes, Director, Compensation and Pension Service, Veterans Benefit Administration) (indicating, without correction, that he understood the intent of the proposed legislation that led to section 5121A as allowing for the DVA to adjudicate a claim that "is pending at the time the claimant passes away . . . [b]ut only if that claim is pending at the time that the veteran dies.").

Finally, Mrs. Rusick relies on our decisions in *Padgett v. Nicholson*, 473 F.3d 1364 (Fed. Cir. 2007), and *Pirkl v. Shinseki*, 718 F.3d 1379 (Fed. Cir. 2013). According to Mrs. Rusick, *Pirkl* "negated the rationale . . . that Mrs. Rusick could not benefit" from the Board's 2009 CUE determination because the CUE determination was made after Mr. Rusick's death. *Pirkl*, however, does not help Mrs. Rusick, because it involved a veteran whose CUE claim was pending at the time of his death and whose spouse was able to substitute on that claim after the veteran's death, which occurred after the enactment of section 5121A. *See Pirkl v. Shinseki*, 2011 WL 5429156, at *1 n.1 (Vet. App. Nov. 10, 2011). Likewise, *Pirkl*'s holding that "the finding of CUE can change the legal and factual background" against which subsequent rating decisions were made, such that those subsequent rating decisions could also contain CUE, 718 F.3d at 1384, does not help Mrs. Rusick. In this case there are no subsequent ratings or decisions that could be impacted by the revision of Mr. Rusick's 1983 rating.

In *Padgett* a surviving spouse sought to substitute on a veteran's appeal to the Veterans Court. The court had recalled an en banc decision in the veteran's favor upon learning of the veteran's death, which occurred after the appeal had been submitted to the en banc court. 473 F.3d at 1366-67. This court allowed substitution and distinguished *Haines*, in which substitution was not allowed, by noting that Mr. Padgett's case was in a state of finality at the time of his death that was not present in *Haines*. *Id.* at 1369. In both *Padgett* and *Haines*, however, the veteran had a claim pending at the time of death. Because Mr. Rusick did not have a claim pending when he died, *Padgett*'s distinction based on the degree of finality associated with the adjudication of the veteran's claim cannot help Mrs. Rusick.

In short, our precedents dictate that Mrs. Rusick cannot use a CUE determination made for the purpose of

awarding DIC to also receive accrued benefits, because Mr. Rusick did not have a CUE claim pending under section 5109A at the time of his death.

**AFFIRMED**