# United States Court of Appeals for the Federal Circuit

---

**YVONNE CREWS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2030

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6298, Judge Joseph L. Falvey, Jr.

---

Decided: March 16, 2023

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Yvonne Crews appeals the final decision of the United States Court of Appeals for Veterans Claims denying her request to be substituted under 38 U.S.C. § 5121A as the claimant in place of her deceased spouse. Because we conclude that her allegation of a clear and unmistakable error is not part of a "pending" claim for which she could substitute under § 5121A, we affirm.

I

The veteran, Sylvester D. Crews, served in the U.S. Air Force from March 1954 to September 1958. In connection with his service, Mr. Crews was originally granted a 100% disability rating for schizophrenia. But in November 1960, his disability rating was lowered to 70%.

In December 2006, Mr. Crews filed a new claim for an increased schizophrenia rating, which the Regional Office denied in May 2007. In September 2009, Mrs. Crews—on behalf of her husband—submitted a letter stating that Mr. Crews was 100% disabled and requested further evaluation. The letter made no mention of an effective date for the requested 100% rating. The Regional Office responded that it would not consider the letter to be a notice of disagreement with the May 2007 decision because it was filed more than one year after the May 2007 decision. Instead, the Regional Office construed the letter as a new "claim for an increased rating." J.A. 2. In March 2010, the Regional Office granted the new claim and increased his schizophrenia rating from 70% to 100% effective from September 29, 2009. Unfortunately, in October 2010, Mr. Crews passed away.

In March 2011, Mrs. Crews, Mr. Crews' surviving spouse, moved to be substituted as the appellant and filed a notice of disagreement with the September 2009 effective

date. The basis for challenging the effective date was an allegation of clear and unmistakable error (CUE) in the November 1960 rating decision that terminated the 100% schizophrenia rating.

In January 2012, the Regional Office rejected her request for substitution because Mr. Crews had no claim or notice of disagreement pending at the time of his death. Mrs. Crews filed a notice of disagreement with that decision, but the Regional Office issued a statement of the case continuing to deny the substitution request because Mrs. Crews was not eligible to seek benefits on past decisions that had been finalized, and the November 1960 rating decision became final once the appeal window closed.

Mrs. Crews appealed to the Board. In December 2014, the Board granted her motion for substitution, but determined that it lacked jurisdiction over the CUE claim because the Regional Office had not adjudicated the issue and remanded the case to the Regional Office. In March 2015, the Regional Office issued a statement of the case continuing to deny an effective date earlier than September 2009— the date Mr. Crews had filed the new increased rating claim. The Board agreed and issued a final decision stating that "a CUE motion cannot be filed by a survivor seeking accrued benefits if no CUE motion was pending at the time of the Veteran's death." J.A. 120. The Veterans Court affirmed. Mrs. Crews appeals.

II

Mrs. Crews argues that the Veterans Court misinterpreted § 5121A in denying her request to substitute as a CUE claimant because there was a claim pending at the time of Mr. Crews' death within the meaning of § 5121A. Under 38 U.S.C. § 7292(a) and (c), we have jurisdiction to review the Veterans Court's interpretation of the statute. We review the Veterans Court's interpretation of law de novo. *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998).

As a general rule, when a veteran dies, the veteran's claim for benefits also terminates. *Phillips v. Shinseki*, 581 F.3d 1358, 1363 (Fed. Cir. 2009). Even so, a surviving spouse is entitled to be paid any accrued benefits following the veteran's death. 38 U.S.C. § 5121(a) (providing the veteran's spouse "monetary benefits . . . to which an individual was entitled at death . . . [that are] *due and unpaid . . .* upon the death of such individual" (emphasis added)). Prior to 2008, the surviving spouse could, with limited exceptions, pursue those claims only by restarting from the beginning and filing a new accrued benefits claim. *See Phillips*, 581 F.3d at 1363–64 (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996) (providing the general rule that substitution was not appropriate)); *but see Padgett v. Nicholson*, 473 F.3d 1364, 1368–71 (Fed. Cir. 2007) (acknowledging an exception for an accrued benefits claimant to receive *nunc pro tunc* relief following a veteran's death). But in 2008, to remedy the inefficiencies and delays from restarting the process, Congress enacted § 5121A to allow a surviving spouse to be substituted as a claimant in place of a deceased veteran.

Section 5121A reads:

> If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is *pending*, [a surviving spouse] may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant *for the purposes of processing the claim to completion.*

38 U.S.C. § 5121A (emphases added). This provision now allows a surviving spouse (or other accrued benefits claimant) to be substituted rather than file a new accrued benefits claim. *Rusick v. Gibson*, 760 F.3d 1342, 1346–47 (Fed. Cir. 2014).

On its face, the statute limits the scope of substitution to "pending" claims "for the purposes of processing the claim[s] to completion." 38 U.S.C. § 5121A. And, as we have explained, because § 5121A was intended to "address the problem of survivors who were . . . forced to 'restart the claim at the back of the line[,]'. . ." it did not create a mechanism for a surviving spouse to file a *new* claim. *Rusick*, 760 F.3d at 1346–47 ("If a veteran had never filed a claim, however, there would be nothing to 'restart,' and the perceived injustice Congress sought to remedy . . . would not exist.").

The import of § 5121A is that Mrs. Crews was entitled to be "substituted as the claimant for the purposes of processing *the [pending] claim* to completion." 38 U.S.C. § 5121A (emphasis added). Here, there was only one possible "pending" claim at the time of Mr. Crews' death: his September 2009 claim to increase his disability rating to 100%. Although this claim was granted in March 2010, the September 2009 claim could still have been considered "pending" at the time of Mr. Crews' death in October 2010 because the one-year window to appeal was not set to expire until March 2011.

Given the statutory language, Mrs. Crews may have been entitled to substitute on the September 2009 claim to process *that claim* to completion. But nothing in § 5121A allows Mrs. Crews to file a *new* claim, which is what she did by alleging CUE in the November 1960 decision and seeking a new effective date back to that decision. As the Veterans Court found, "Mr. Crews had never alleged CUE in the November 1960 decision" before his death. J.A. 7. Instead, the September 2009 claim was a new, standalone claim for an increased disability rating and was independent of the November 1960 decision. Indeed, even if we were to ignore the Regional Office's decision to treat it as a new claim, the September 2009 claim was filed by Mr. Crews as a challenge to the *May 2007* decision—not a challenge to the November 1960 decision. Like the September 2009

claim, the claim that resulted in the May 2007 decision never alleged CUE in the November 1960 decision. It, too, was a new, independent claim for an increased disability rating.

Thus, *at most*, Mr. Crews' September 2009 claim stems from a disagreement with the May 2007 decision. In contrast, Mrs. Crews' allegation of CUE stems from the November 1960 decision. Because she is challenging a separate decision that was not challenged by the only pending claim, Mrs. Crews' CUE allegation constitutes a new claim. This new CUE claim is not allowed by the plain language of § 5121A.

This conclusion also reflects our previously stated understanding of § 5121A. In *Rusick*, we noted that § 5121A "did not undercut the critical portion of the decision in *Haines [v. West]*." 760 F.3d at 1346. In particular, we stated that:

> [e]ven though section 5121A might now allow a survivor to substitute on a pending CUE claim that the veteran had filed before his death, *Haines* still stands for the proposition that a survivor cannot initiate a freestanding CUE claim under section 5109A if the veteran had not already filed such a claim.

*Id.* (citing *Haines v. West*, 154 F.3d 1298, 1301 (Fed. Cir. 1998)). The facts here present the same scenario this court anticipated in *Rusick*, and we maintain the same view: Section 5121A only allows a survivor to substitute as a claimant for a previously raised CUE claim. *Id.* It does not allow a survivor to bring a CUE claim that was not previously raised. *Id.*

Mrs. Crews argues that, rather than being a new *claim*, her CUE allegation is merely a new *theory* of entitlement in support of the pending September 2009 claim. Appellant's Br. 7–9 (citing 38 C.F.R. § 3.1010(f)(2)). We disagree.

A CUE allegation is a claim for entitlement that must be tied to an error in some prior *decision*. *See Haines*, 154 F.3d at 1301–02 (stating that the CUE provision, 38 U.S.C. § 5109A, "provides nothing more than a procedure for a claimant to seek reconsideration of a limited type of error in a prior decision"). Thus, in considering whether Mrs. Crews' CUE allegation is part of the pending claim, we must consider whether the pending claim challenges the same *decision* as Mrs. Crews' CUE claim.

As explained above, Mr. Crews never challenged the November 1960 decision, either in his September 2009 claim or in his December 2006 claim. At most, the only prior decision the September 2009 claim can be said to challenge is the May 2007 decision. In contrast, Mrs. Crews' entire basis for CUE depends on the November 1960 decision. Because the September 2009 claim does not challenge this 1960 decision, Mrs. Crews' CUE claim cannot simply be a new theory of entitlement under the pending September 2009 claim.

### III

Because we find that the Veterans Court did not misinterpret 38 U.S.C. § 5121A by denying a substituted claimant from raising a CUE allegation never raised by the deceased veteran, we affirm.

## AFFIRMED

### COSTS

No costs.