NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARVIN H. JOHNSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1571

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-1797, Judge Joseph L. Toth.

---

Decided: December 7, 2023

---

MARVIN H. JOHNSON, Glen Burnie, MD, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, HUGHES and STARK, *Circuit Judges*.

PER CURIAM.

Marvin H. Johnson appeals the Court of Appeals for Veterans Claims' ("Veterans Court") dismissal of his appeal for lack of jurisdiction. Because the Veterans Court correctly determined it lacked jurisdiction over claims not presented to the regional office or the Board, we affirm.

I

Mr. Johnson served in the United States Army for periods between June 1985 and April 1999. He subsequently sought disability benefits for various service-connected injuries in at least 1999, 2008, and 2019. As of 2022, Mr. Johnson had received disability benefits for multiple service-connected injuries. The effective dates of his compensation for these disabilities were 2008 or 2009.

In 2019, the Department of Veterans Affairs ("VA") denied Mr. Johnson's requests for (i) a total disability rating based on individual unemployability ("TDIU") and (ii) an earlier entitlement date with respect to his service-connected injury in his knee. Mr. Johnson, then represented by counsel, petitioned the Board of Veterans' Appeals ("Board"), and filed a Notice of Disagreement with respect to only the TDIU decision. The Board denied his petition, agreeing with the VA that Mr. Johnson was not entitled to a TDIU rating, as "[t]he evidence of record is not sufficient to show that the Veteran's service-connected disabilities, individually or in aggregate, prevent the Veteran from

finding and following substantially gainful employment." S. Appx. 4.[1]

Mr. Johnson, by this point acting pro se, then appealed the Board's decision to the Veterans Court. In doing so, he made clear to the Veterans Court that he was not appealing the denial of TDIU but, rather, was challenging his attorney's decision to file a TDIU claim. In that regard, he asked the Veterans Court to "'change' the issue decided by the Board to entitlement to an earlier effective date for the disability compensation he's receiving for various conditions." S. Appx. 1 (quoting Plaintiff's Informal Br. to Veterans Court at 2 (Jun. 7, 2022)). Mr. Johnson further "allege[d] clear and unmistakable error (CUE) in [prior] rating decisions" as well as attorney misconduct before the Board. *Id.*

The Veterans Court dismissed Mr. Johnson's appeal for lack of jurisdiction. It determined that the appeal raised issues not presented to the Board, namely, alleged errors in the final decisions entered in 1999 and 2001 relating to effective dates for disability compensation and CUE in rating decisions, as well as new claims in the 2019 final decision not noted in Mr. Johnson's Board appeal. The court observed that Mr. Johnson had filed a Notice of Disagreement directed only to the denial of his claim for TDIU, which was an issue actually decided by the Board, but Mr. Johnson did not want to appeal that denial. S. Appx. 2. Thus, because Mr. Johnson "[did] not allege any error presently within the [Veterans] Court's authority to address, the appeal must be dismissed." S. Appx. 1.

Mr. Johnson timely appealed. We have jurisdiction under 38 U.S.C. § 7292(a), although it is limited. In

---

[1]    "S. Appx." refers to the supplemental appendix attached to Respondent-Appellee's Informal Response Brief (ECF No. 10).

particular, we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on . . . in making the decision." *Id.* "Except to the extent that an appeal . . . presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see also Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). The Court reviews legal determinations de novo. *See Buchanan v. Nicholson*, 451 F.3d 1331, 1334 (Fed. Cir. 2006).

II

On appeal, Mr. Johnson presents the same arguments to us that he made to the Veterans Court. Having considered each of his issues, we agree with the Veterans Court that it lacked jurisdiction over his claims.

The Veterans Court's jurisdiction is "premised on and defined by the Board's decision concerning the matter being appealed." *Skaar v. McDonough*, 48 F.4th 1323, 1333 (Fed. Cir. 2022). "[A] veteran must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in the Veterans Court to consider the veteran's request and arguments in support thereof." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000). The Veterans Court is not entitled to make findings of fact "in the first instance," but instead reviews actions in which a finding of material fact has already been made. *Tadlock v. McDonough*, 5 F.4th 1327, 1334 (Fed. Cir. 2021); *see also* 38 U.S.C. § 7261(a)(4). Additionally, 38 U.S.C. § 7252 dictates that "[r]eview in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board." Without a record, there is nothing for the Veterans Court to review.

Mr. Johnson asks us to determine his prior proceedings before the Board were marred by CUE and that he is

entitled to earlier effective dates for his service-connected disabilities. Because Mr. Johnson did not present either of these claims to the Board prior to taking them to the Veterans Court, there was no record and nothing for the Veterans Court to review. As the Veterans Court recognized, "Mr. Johnson has clearly indicated that he does not wish to appeal the only issue decided by the Board in its December 2019 decision: entitlement to a TDIU rating." S. Appx. 2. Accordingly, the Veterans Court lacked jurisdiction and properly dismissed the appeal.

Mr. Johnson points to *Pirkl v. Shinseki* for the proposition that "[u]nder 38 U.S.C. § 5109A(b), a finding of CUE may, under some circumstances, require a later decision to be revisited." 718 F.3d 1379, 1384-85 (Fed. Cir. 2013). Mr. Johnson is correct. But the plaintiff in *Pirkl* had presented to the Board all the CUE issues he later pressed in the Veterans Court, which is a necessary prerequisite to obtaining Veterans Court review of a CUE claim. *Id.* at 1380-81; *see also* 38 U.S.C. § 5109A(e) (providing that CUE claim "shall be submitted to the Secretary and shall be decided in the same manner as any other claim."); 38 U.S.C. § 5101 (explaining how claims are submitted to Secretary). Mr. Johnson did not do the same.[2] Therefore, again, the Veterans Court lacked jurisdiction to hear Mr. Johnson's appeal.

### III

We have considered Mr. Johnson's other arguments and find them unpersuasive. For the reasons stated, we

---

[2]    As the Veterans Court stated, Mr. Johnson may still be able to collaterally attack the earlier decisions on the basis of CUE, but a CUE motion must first be filed with the regional office for initial adjudication before it can be litigated before the Board or at the Veterans Court. *See* S. Appx. 3.

affirm the Veterans Court's dismissal of Mr. Johnson's appeal.

## AFFIRMED

COSTS

No costs.